BEFORE THE THIRD DIVISION, FEBRUARY 11, 1949

**No. 52876.**—Norman G. Jensen *v.* United States, petition 6618–R (Pembina).

CLINE, Judge: This is a petition for the remission of additional duties accruing under section 489 of the Tariff Act of 1930 due to the undervaluation of merchandise.

The merchandise consisted of mild cured salmon imported from Canada. Entry No. 736–A was entered under an amended entry at .386 Canadian dollars per pound and appraised at .4149 Canadian dollars per pound. Entry No. 763–A was entered under an amended entry at .3856 Canadian dollars per pound and appraised at .4054 Canadian dollars per pound.

At the trial, Norman G. Jensen, the petitioner herein, testified that he was a customs broker; that the entries herein were made under his direction and supervision; that the original entries were made on the basis of the invoices supplied by the shipper; that at the time of entry he knew of no other value for the merchandise; that he asked the appraiser to withhold appraisement in order that he might check with the shipper and the consignee to see if the invoice values were the correct dutiable values; that after making entry, he contacted the shipper, the Canadian Fishing Co., Ltd., in Vancouver; that a Mr. Lowe informed him that the invoice prices were the amounts actually received for the merchandise; that Mr. Lowe stated that they were working on a close margin, because all the

selling was taken care of before they started to handle the fish and that they were not taking their usual margin of profit; that the witness then believed that the correct entered values should be higher than the invoice values, because the shipper's cost of production, while it might be correct as to the amount received for the merchandise, would be less than was called for under the tariff act; that he then contacted Mr. Bunzen of Oxenberg Bros., the importer; that Mr. Bunzen told him to find the correct dutiable values and amend the entries accordingly; that Mr. Bunzen left it up to him to determine the correct cost of production; that he found the cost of production by adding the price of the fish shown on the invoices, the price of the salt used in preparing it, 10 per centum for general expenses, 8 per centum for profit, and the cost of packing; that the entries were amended to show such totals; that he believed the amended entered values represented the correct dutiable values because he had added the minimum for general expenses and profit; that the entered values were much higher than the actual cost of production of the fish.

In connection with entry No. 736–A, Mr. Jensen testified that the original entry showed a weight of 57,200 pounds, which was obtained from the bill of lading; that entry No. 763–A showed a weight of 67,100 pounds, also obtained from the bill of lading; that he received a letter from Mr. Bunzen in regard to the weight of the shipments. Mr. Bunzen's signature was proved at a subsequent hearing and the letter and exhibits attached thereto received in evidence as petitioner's collective exhibit 1. According to this letter, the invoice for car CPR 289030 was incorrect in that it was for 50,897 pounds instead of 57,897 pounds. The attached exhibits indicate that the error was called to the attention of the shipper and a bill for the additional amount was sent to the importer. Mr. Bunzen's letter also instructs Mr. Jensen to pay the duty on the additional amount.

Mr. Jensen stated that he gave the appraiser the facts in regard to the discrepancy in weight; that he gave him all the information he had in regard to these shipments; that he did not intend to defraud the revenue of the United States or to conceal or misrepresent the facts or deceive the appraiser as to the value of the merchandise. He also stated that after the values were advanced by the appraiser, appeals for reappraisement were filed; that he attempted to obtain evidence from the shipper, but was unable to do so; that the appeals were abandoned.

On cross-examination Mr. Jensen stated that in making the entries he was acting as agent of Oxenberg Bros.; that Oxenberg Bros. paid the duty in this case and that any refund on this petition would go to them eventually; that after making the original entries, he contacted both the shipper and Mr. Bunzen; that Mr. Bunzen did not give him any figures other than the invoice figures; that in preparing the amended entries, he figured the cost of production himself using the tariff act as a guide; that he was certain his figures were higher than the actual cost of production; that he knew at the time he made the amended entries that Oxenberg Bros. had purchased on a cost plus basis; that the Canadian Fishing Co. gave him the margin of profit that was agreed upon and that it was around 2 or 2½ per centum.

John Hansen, the appraiser at Noyes, testified that Mr. Jensen filed a request to suspend appraisement at the time he filed the original entries in order that he might make some investigation to ascertain the correct dutiable values; that thereafter Mr. Jensen gave him such information as he had obtained; that he believed that Mr. Jensen disclosed everything he knew about the case and did not attempt to deceive him; that in appraising the merchandise, he acted upon information received from some source other than Mr. Jensen.

Gordon Davis, an employee of Oxenberg Bros. in Seattle, testified that the signature on petitioner's collective exhibit 1 was Mr. Bunzen's signature; that

Mr. Bunzen died on January 25, 1948; that Mr. Bunzen handled this transaction personally; that the witness knew of his own knowledge that there was an error in the invoice showing a lesser amount than what was actually imported; that his knowledge of other matters in connection with this case was of a secondary nature.

The issue in this case is whether the facts justify a finding that the petitioner acted in good faith and made a full disclosure of all facts in his possession, and did not intend to defraud the revenue, conceal or misrepresent facts, or deceive the appraiser as to the value of the merchandise. It appears from the record that Mr. Jensen requested that appraisement be withheld until he had made an investigation as to the correct value of the merchandise; that he contacted both the shipper and the importer in that regard; that he found that the invoice values did not represent the correct dutiable values; that he calculated the dutiable values on the basis of such information as he could obtain; that he gave all the information he had to the appraiser.

The Government contends, however, that even though it is established that petitioner made the entry without any intent to defraud the revenue, conceal or misrepresent facts, or deceive the appraiser, it was necessary to establish the good faith of the principal (the importer) as well as that of the agent (the broker), citing *Ittmann Bros.* v. *United States*, 73 Treas. Dec. 529, T. D. 49481, and *Freedman & Slater, Inc.* v. *United States*, 6 Cust. Ct. 354, C. D. 494. In the case first cited the statement is made that "Where merchandise is entered by an agent and remission of additional duties is later sought it is essential to establish the good faith of the principal as well as that of the agent."

These cases were distinguished, however, in *American Shipping Co.* v. *United States*, 10 Cust. Ct. 300, C. D. 771 (appeal dismissed, 32 C. C. P. A. 207), and *National Carloading Corp., et al.* v. *United States*, 16 Cust. Ct. 138, C. D. 1001, where it was held that where entry is made in the name of a customs broker and no owner's declaration relieving the broker of liability is filed, the broker, as nominal consignee, is the owner and principal for tariff purposes and not the agent of the owner. It was held, therefore, that the attitude of the importer was of no concern, for the reason that it was not one of the petitioners.

In the instant case, moreover, Mr. Jensen testified that he was instructed by Mr. Bunzen of the importing firm to find the correct dutiable values and enter at those values, and the letter from Mr. Bunzen (petitioner's collective exhibit 1) discloses the error in the invoice weight and instructs Mr. Jensen to pay the additional duty.

On the record herein we hold that the petitioner, in making the entries in this case, acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is granted. Judgment will be rendered accordingly.